**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judith V. Brown,<br><br>    Plaintiff,<br><br>v.<br><br>NEWREZ LLC, et al.,<br><br>    Defendants. | No. CV-19-02889-PHX-DWL<br><br>**ORDER** |

On May 7, 2019, Plaintiff Judith V. Brown ("Brown") filed a complaint (Doc. 1) and request for temporary restraining order ("TRO") without notice (Doc. 2) seeking to enjoin Defendants NEWREZ LLC and Bank of America NA (collectively, "Defendants") from conducting a trustee's sale on her residential property at 6259 Horseshoe Road, Paradise Valley, Arizona. The complaint alleges that Brown contacted Defendants for help negotiating a loan modification on her property and then made payments to Defendants totaling nearly $20,000. (Doc. 1 ¶¶ 4, 7.) The complaint further alleges that none of these payments has been applied to her loan or forwarded to her "actual lender." (*Id.* ¶ 8.) The complaint also alleges that a trustee's sale is currently scheduled for May 9, 2019. (*Id.* ¶ 10.) Finally, in her accompanying TRO request, Brown argues that emergency relief is appropriate because she should be allowed to "stay in her home while her due process rights are heard regarding the payments received by Defendants purporting to be the servicer of her home loan." (Doc. 2 at 2.)

A request for a TRO is analyzed under the same standards as a request for a

preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right.") (citation omitted). A plaintiff seeking a preliminary injunction must show that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (citation omitted). Under this "serious questions" variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Additionally, when a plaintiff requests a TRO *without* notice, as Brown does here, two additional requirements are applicable. "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Brown's request for a TRO without notice will be denied. First, Brown has failed to demonstrate why the Court should proceed without notifying Defendants. This isn't a case involving allegations that Defendants will destroy evidence, or engage in some other form of surreptitious misconduct, unless they are first secretly enjoined from doing so. To

the contrary, Brown seeks to enjoin a public trustee's sale that has been planned for some time.  Moreover, and as discussed below, Brown was recently engaged in state-court litigation with Defendant NEWREZ LLC's predecessor involving the same property. Notice of Brown's request for preliminary injunction in that case didn't prompt the defendants to engage in a clandestine sale of her property.

Second, Brown hasn't demonstrated a likelihood of success on the merits.  Brown fails to mention, in either her complaint or TRO request, that she filed a lawsuit in the Maricopa County Superior Court (CV2018-010815) in August 2018 against various defendants, including Bank of New York Mellon and New Penn Financial LLC (now NEWREZ LLC), in an attempt to enjoin those parties from conducting a trustee's sale on the same property at issue in this case.[1]  In October 2018, the judge in the state-court proceeding issued a lengthy order concluding Brown wasn't entitled to a preliminary injunction because she hadn't established a likelihood of success.[2]  Specifically, the court found that "[a]ll of Plaintiff's claims for relief appear to be based upon the argument that somehow, despite not making any payments on her mortgage since 2012, and eight years into a 30-year mortgage, she is now absolved from making any future payments and may continue to retain possession of her residence."  Finally, in April 2019, the court appears to have issued an order granting defendants' motion to dismiss Brown's complaint.[3]

Brown's failure to disclose this proceeding creates serious doubts regarding the merit of her claims.  It also raises the possibility, if not likelihood, that the claims she wishes to raise in this case—which deal, in part, with payments Brown claims to have remitted to Defendants in September 2018 (Doc. 1-1 at 23), which is before she filed her request for a preliminary injunction in the state-court case—are barred by principles of res

---

[1] The docket is available at http://www.superiorcourt.maricopa.gov/docket/CivilCourtCases/caseInfo.asp?caseNumber=CV2018-010815.

[2] The minute entry is available at http://www.courtminutes.maricopa.gov/viewerME.asp?fn=Civil/102018/m8482528.pdf.

[3] The online docket states that, on April 2, 2019, the court issued an order "GRANTING MOTION TO DISMISS FILED BY SHELLPOINT BNYM AND MERS." "Shellpoint" is shorthand for "Shellpoint Mortgage Servicing," which is a trade name used by Defendant NEWREZ LLC.

judicata. *See generally Olivas-Motta v. Whitaker*, 910 F.3d 1271, 1279 (9th Cir. 2018) ("Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'") (citation omitted); *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009) ("Claim preclusion, often referred to as res judicata, bars any subsequent suit on claims that were raised or could have been raised in a prior action.").

Accordingly, **IT IS ORDERED** that Brown's request for TRO without notice (Doc. 2) is **denied**.

Dated this 8th day of May, 2019.

Dominic W. Lanza
United States District Judge